**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-00807-REB-CBS

MARCIA BARBER;
COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit corporation; and
AMERICAN COUNCIL OF THE BLIND OF COLORADO, INC., a Colorado non-profit corporation,

    Plaintiffs,

v.

STATE OF COLORADO, DEPARTMENT OF REVENUE;
STATE OF COLORADO, DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES;
M. MICHAEL COOK, in her individual and official capacity as Executive Director of the Colorado Department of Revenue; and
STEVE TOOL, in his individual and official capacity as Senior Director of the Colorado Division of Motor Vehicles,

    Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION TO RECONSIDER**

**Blackburn, J.**

    The matter before me is Plaintiffs' Motion to Reconsider the Court's Ruling Dismissing the Claims of Julianna and Madeline Barber [#26], filed October 25, 2005. By this motion, plaintiffs ask me to revisit my determination that non-disabled parties cannot assert claims under the Title II of the Americans With Disabilities Act or under the Rehabilitation Act based on discrimination against a disabled person. I grant the motion.

    This lawsuit challenges a Colorado statute that allows a person who holds a minor's instruction permit to drive under the supervision of a parent, stepparent, or

legal guardian who holds a valid driver's license.  *See* § 42-2-106(b), C.R.S. (2004).[1]  Plaintiff Marcia Barber does not hold a valid driver's license due to retinits pigmentosa, a condition which substantially affects her sight.  Thus, although Marcia's daughter, Julianna, obtained a minor's instruction permit soon after her fifteenth birthday, she was not afforded the opportunity to practice her driving skills that the statute contemplates.  Marcia's younger daughter, Madeline, will face a similar conundrum when she turns 15 in approximately one year.  Maria and her daughters, together with two organizations, which represent the disabled, filed this suit, claiming that the statute violates Title II of the ADA and section 504 of the Rehabilitation Act.

In ruling on defendants' motion to dismiss plaintiffs' claims, I found, *inter alia*, that Julianna and Madeline could not assert claims based on their association with their mother.  (*See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss at 5-6 & n.3 [#25], filed October 17, 2005.)  Plaintiffs do not contest this ruling.  Nevertheless, they maintain that I overlooked a second theory under which Julianna and Madeline sought to assert claims, that is, a claim that they themselves are directly injured as a result of discrimination against their mother based on her disability.  In reviewing plaintiffs' original response to the motion to dismiss, I note that they did indeed assert such a claim, albeit somewhat inartfully.[2]  My failure to fully apprehend

---

[1] After this lawsuit was filed, the statute was amended to also permit a minor to drive if accompanied by a grandparent with power of attorney.

[2] Defendants' argument that I have already addressed and rejected plaintiffs' argument is simply wrong.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing"). The text of footnote 3 of the order makes clear that I perceived plaintiffs' standing arguments to be related to their associational discrimination claim, and not as

plaintiffs' argument presents a proper ground for reconsideration.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.").

The threshold issue of standing "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise."  *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).  Plaintiffs' arguments are directed to one of the prudential limitations, namely, the requirement that a party can assert only her own legal rights and not claims based on the rights of others.  *Id.*, 95 S.Ct. at 2205.[3]  Despite the general application of this principle, "Congress may grant an express right of action to persons who otherwise would be barred by prudential standing rules."  *Id.* at 2206.  "[T]he standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief."  *Id.*

The enforcement provision of the ADA extends a right to relief to "any person alleging discrimination on the basis of disability." 42 U.S.C. § 12133.  Similarly, the Rehabilitation Act provides a remedy to "any person aggrieved" by discrimination on the basis of disability.  29 U.S.C. § 794(a)(2).  Based on this statutory language, the federal courts that have considered the issue presented here have uniformly

---

asserting independent grounds for relief.

[3]  Because the issue is not presented by the motion, I do not address the constitutional requirements of standing, which must be met in every case.  However, because these irreducible standing requirements go to the heart of the court's jurisdiction, if they are in question after plaintiffs have filed an amended complaint, defendants certainly are free to raise that issue.

determined that Congress, by using such broad language, effectively eliminated the prudential standing requirement in cases brought under these statutes, thereby allowing a plaintiff to sue to enforce the rights of third parties so long as the plaintiff herself is injured by the alleged discrimination.  *See Discovery House, Inc. v. Consolidated City of Indianapolis*, 319 F.3d 277, 279 (7th Cir.), *cert. denied*, 124 S.Ct. 301 (2003); *MX Group, Inc. v. City of Covington*, 293 F.3d 326, 334-35 (6th Cir. 2002); *Innovative Health Systems, Inc. v. City of White Plains*, 117 F.3d 37, 47-48 (2nd Cir. 1997), *overruled on other grounds by Zervos v. Verizon New York, Inc.*, 252 F.3d 163 (2nd Cir. 2001).  Moreover, although not addressing this issue directly, the Tenth Circuit has held that the enforcement provisions of both Title II and the Rehabilitation Act evince a congressional intent to confer standing to the full limits of Article III.  *See Tandy v. City of Wichita*, 380 F.3d 1277, 1287 (10th Cir. 2004).  Under those circumstances, "the normal prudential rules do not apply; as long as the plaintiff suffers actual injury as a result of the defendant's conduct, he is permitted to prove that the rights of another were infringed."  *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 103 n.9, 99 S.Ct. 1601, 1609 n.3, 60 L.Ed.2d 66 (1979).

    Given these precedents, I agree with plaintiffs that a party, although not herself disabled, may assert claims under Title II of the ADA and under the Rehabilitation Act for discrimination against a disabled person that directly injures that party.[4]

---

[4] In fairness to defendants, plaintiffs' claims in this lawsuit have been something of a moving target.  Plaintiffs have appended to their reply brief a proposed Second Amended and Supplemental Complaint that they maintain more fully sets forth their claims.  Defendants of course are welcome to file any motion they deem appropriate to address any perceived deficiencies in that complaint.

**THEREFORE, IT IS ORDERED** as follows:

(1) That Plaintiffs' Motion to Reconsider the Court's Ruling Dismissing the Claims of Julianna and Madeline Barber [#26], filed October 25, 2005, is **GRANTED**;

(2) That Julianna Barber and Madeline Barber are **REINSTATED** as named parties to this action, and the case caption is **AMENDED** accordingly; and

(3) That plaintiffs shall file an amended complaint by January 20, 2006.

Dated January 4, 2006, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge