**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-00807-REB-CBS

JULIANNA BARBER, by and through her next friend, Marcia Barber;
MARCIA BARBER;

    Plaintiffs,

v.

STATE OF COLORADO, DEPARTMENT OF REVENUE;
STATE OF COLORADO, DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES;
M. MICHAEL COOK, in her individual and official capacity as Executive Director of the Colorado Department of Revenue; and
JOAN VECCHI, in her individual and official capacity as Senior Director of the Colorado Division of Motor Vehicles,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is **Defendants' Motion for Summary Judgment** [#61], filed November 8, 2006.  I grant the motion.

### I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

### II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

(1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works*, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999).

### III. ANALYSIS

This case began as a challenge to a 2004 Colorado statute that allowed a 15-year old who had received a learner's permit to drive only under the supervision of a parent, stepparent, or legal guardian who held a valid driver's license. *See* §42-2-

106(1)(b), C.R.S. (2004).  Plaintiff Marcia Barber, who is legally blind and does not hold a driver's license, and her minor daughter, Julianna, argued that the law discriminated against them on the basis of Marcia's disability.  Subsequent amendments to the subject statute have mooted all claims in this lawsuit save one.  The sole remaining issue is whether plaintiffs are entitled to compensatory damages under section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  Defendants have now moved for summary judgment on this issue.

Compensatory damages are available under section 504 only if plaintiffs can establish that defendants intentionally discriminated against them.  ***Powers v. MJB Acquisition Corp.***, 184 F.3d 1147, 1153 (10th Cir. 1999).  "[I]ntentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights."  ***Id.***  Deliberate indifference, in turn, "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that [knowledge]."  ***Duvall v. County of Kitsap***, 260 F.3d 1124, 1139 (9th Cir. 2001).

The first half of this test is easily met.  Defendants frankly acknowledged that the statute as worded in 2004 potentially violated plaintiffs' rights under the Americans With Disabilities Act and the Rehabilitation Act.  Nevertheless, no reasonable jury could conclude based on the evidence presented that defendants failed to act on that knowledge in such a way as to constitute deliberate indifference.  To the contrary, when Marcia Barber contacted then Senior Director of the Colorado Department of Motor Vehicles, Steve Tool, in late October of 2004, he contacted the state Attorney

General's office to determine whether the Department of Motor Vehicles could accommodate her situation. Likewise, when Marcia Barber later spoke directly with Attorney General John Suthers, he proposed several options that would have allowed Julianna's grandfather to supervise her driving until such time as the statute could be amended.

Plaintiffs suggest that these proposed accommodations were not reasonable because they required Marcia to relinquish her parental rights. She claims that instead, she should have been allowed simply to designate Julianna's grandfather to supervise her driving without creating a legal guardianship. However, it is clear that defendants reasonably viewed the statute as then worded to prohibit this type of informal designation, and plaintiffs do not contend that this interpretation of the then-existing law was inaccurate or improper. An accommodation that would have required defendants to willfully ignore or violate the law is *per se* not reasonable. Plaintiffs' frustration with the limited legal options available to them short of amendment of the statute is insufficient to sustain their burden of showing that defendants were deliberately indifferent to their federally protected rights.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion for Summary Judgment** [#61], filed November 8, 2006, is **GRANTED**;

2. That plaintiffs' sole remaining claim for compensatory damages under the Rehabilitation Act is **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** on behalf of defendants, State of Colorado,

Department of Revenue; State of Colorado, Department of Revenue, Division of Motor Vehicles; M. Michael Cook, in her official capacity of Executive Director of the Colorado Department of Revenue; and Joan Vecchi, in her official capacity as Senior Director of the Colorado Division of Motor Vehicles, and against plaintiffs, Julianna Barber, by and through her next friend, Marcia Barber; and Marcia Barber, as to plaintiffs' sole remaining claim for compensatory damages under the Rehabilitation Act;

    4. That the Trial Preparation Conference, currently scheduled for Friday, June 8, 2007, at 9:00 a.m., as well as the trial, currently scheduled to commence on Monday, June 25, 2007, are **VACATED**; and

    5. That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

    Dated May 14, 2007, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**