IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 05-cv-00807-REB-CBS

JULIANNA BARBER, by and through her next friend, MARCIA BARBER, et al.,

    Plaintiffs,

v.

STATE OF COLORADO, DEPARTMENT OF REVENUE, et al.,

    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION
## TO RECONSIDER AND TO ALTER JUDGMENT

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion To Reconsider and To Alter Judgment** [#76], filed May 29, 2007. I deny the motion.

The bases for granting a motion to reconsider are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Despite plaintiffs' remonstrations to the contrary, none of these circumstances pertains here.

Plaintiffs maintain I erred in concluding that no genuine issue of material fact as to their claims for compensatory damages under the ADA and the Rehabilitation Act existed because "[a]n accommodation that would have required defendants to willfully ignore or violate the law is *per se* not reasonable." (**Order Granting Defendants' Motion for Summary Judgment** at 4 [#74], filed May 14, 2007.)[1] They cite a number of cases that they claim support a contrary conclusion. I am not persuaded. The cases on which plaintiffs rely do little more than affirm the uncontroversial conclusion that state statutes that violate the ADA will not stand. (*See* **Plaintiffs' Motion To Reconsider an To Alter Judgment** at 9-12 [#76], filed May 29, 2007.) Injunctive and declaratory relief, as was at issue in those cases,[2] clearly is warranted under those circumstances. However, none of the cases cited by plaintiffs addresses the particular issue presented by their claim for compensatory damages under the ADA and the Rehabilitation Act. That narrow issue is whether a state agency and its officials can be found to have *intentionally* discriminated against a disabled individual by virtue of adhering to a reasonable reading of a duly enacted state statute, while simultaneously

---

[1] Plaintiffs complain further that this issue was not raised by defendants' summary judgment motion. There are at least two problems with this argument. First, plaintiffs cite no supporting authority, and I have found none, that limits the scope of my analysis in ruling on the motion for summary judgment to the precise issues raised by the parties. Second, and more to the point, the quintessence of the motion was whether Marcia Barber's requested accommodation – that her father be permitted to supervise Julianna Barber's driving without a formal designation of guardianship, as required by the statute as then worded – was reasonable.

[2] In their reply brief, plaintiffs cite several district court cases that they claim show that a defendant who has been made aware that its conduct violates the ADA can be liable for compensatory damages. (*See* Plf. Reply Br. at 4-5.) Again, however, in none of these cases were the defendants faced with the prospect of being asked to contravene a duly enacted state statute.

working to facilitate an expeditious legislative amendment thereto.[3]  I find no support for plaintiffs' theory that either the ADA or the Rehabilitation Act provides compensatory damages under those circumstances.

At base, plaintiffs' argument is that they were not afforded the particular accommodation they requested.  This is not the law.  Defendants' duty is to offer a reasonable accommodation, not plaintiffs' preferred accommodation.[4]  **See Selenke v. Medical Imaging of Colorado**, 248 F.3d 1249, 1263 (10th Cir. 2001).  No reasonable jury could find that defendants acted unreasonably by choosing the orderly and permanent approach of amending the statute to rectify the hiatus in its coverage over the *ad hoc* granting of individual waivers to the statute.[5]

---

[3]  Plaintiffs invoke also the Supremacy Clause in support of their argument that defendants' actions constitute intentional discrimination.  This argument is not raised in prior briefing, although clearly implicated by the issues raised therein.  **See Servants of the Paraclete**, 204 F.3d at 1012 (noting that a motion to reconsider "is not appropriate to . . . advance arguments that could have been raised in prior briefing").  Moreover, plaintiffs cite no authority for the proposition that the Supremacy Clause required defendants to ignore duly enacted state statutes simply on the *ipse dixit* of plaintiffs' attorney.

[4]  Plaintiffs maintain that there are disputed issues of fact concerning whether they were offered any accommodation other than amendment of the statute.  However, Marcia Barber admitted in her deposition that she would not have accepted the accommodation Attorney General John Suthers maintains he offered her – permitting her to sign a limited delegation of authority to permit her father to supervise Julianna's driving – in any event.  Thus, this alleged dispute would not preclude summary judgment.

[5]  By legislative standards, the statute was expeditiously amended.  Plaintiffs cite no authority, and I have found none, to support their implicit assumption that having to await the natural culmination of the legislative process or otherwise experience any sort of delay between their request for accommodation and its fulfillment is by definition unreasonable.  The cases I have found appear to support a contrary conclusion.  **See, e.g.**, **Trobia v. Henderson**, 315 F.Supp.2d 322, 337 (W.D.N.Y. 2004) (delays in administrative processing of plaintiff's claims for reasonable accommodation did not constitute failure to accommodate by employer), **aff'd**, 143 Fed. Appx 374 (2nd Cir. 2005); **Gregory v. Otac, Inc.**, 247 F.Supp.2d 764, 772 (D. Md. 2003) (restaurant that provided ramp for handicapped access did not violate ADA simply because ramp was not as convenient and direct as plaintiff would have preferred); **Rennie v. United Parcel Service**, 139 F.Supp.2d 159, 172 (D. Mass. 2001) (noting, in regard to "interactive process" required in employment situations, that ""[n]othing in the [ADA] regulations or in the cases indicates ... that an employer must move with maximum speed to complete [the reasonable accommodation] process and preempt any possible concerns.... [T]he employer is entitled to move at whatever pace he chooses as long as the ultimate problem – the employee's performance of her

**THEREFORE, IT IS ORDERED** that **Plaintiffs' Motion To Reconsider and To Alter Judgment** [#76], filed May 29, 2007, is **DENIED**.

Dated January 23, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

duties – is not truly imminent.") (quoting **Loulseged v. Akzo Nobel Inc.**, 178 F.3d 731, 737 (5th Cir. 1999)).